IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENDA B., § § Plaintiff, § § V. § § KILOLO KIJAKAZI, Acting § Commissioner of Social Security, § § Defendant. § | No. 3:20-cv-3751-L-BN |

## **FINDINGS, CONCLUSIONS, AND RECOMMENATION**

Plaintiff Brenda B. seeks judicial review of a final, partially adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be affirmed.

## **Background**

Plaintiff is a widow who filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability due to abdominal aortic aneurysm rupture, status post stent graft acute myocardial infarction, hypertension, chronic obstructive pulmonary disorder, fibromyalgia, anxiety disorder, and major depressive disorder since an alleged onset date of November 1, 2017. *See* Dkt. No. 15-1 at 16. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See* Dkt. No. 17 at 4-5. That hearing was held on April 9, 2020. *See id.* at 5. At the time of the hearing Plaintiff was 59 years old. *See id.* She has a general

equivalency degree ("GED") and past work experience as a user support analyst. *See id*. She has not engaged in substantial gainful activity since 2015. *See id*. at 58.

On April 16, 2020, the ALJ issued a partially favorable decision regarding Plaintiff's application for benefits, applying the five-step sequential analysis and finding Plaintiff disabled as of December 17, 2019. *See* Dkt. No. 15-1 at 26-27. At step two, the ALJ found that the medical evidence established Plaintiff's conditions of abdominal aortic aneurysm rupture, status post stent graft acute myocardial infarction, hypertension, chronic obstructive pulmonary disorder, and fibromyalgia constituted severe impairments and that Plaintiff's anxiety and depression were medically determinable but non-severe. *See id*. at 16. At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal any impairment listed in the social security regulations. *See id*.

The ALJ then determined that, prior to December 17, 2019, Plaintiff had the residual functional capacity ("RFC") to perform "sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)" with additional limitations, including that she is able to left or carry 10 pounds on an occasional or frequent basis; walk or stand for two hours of an eight-hour workday; sit for six hours of an eight-hour workday; never climb ladders, ropes, or scaffolds; balance, stoop kneel crouch, or crawl on an occasional basis; never work around dangerous machinery or around unprotected heights; no more than occasionally experience exposure to pulmonary irritants; and avoid extreme heat and humidity. *Id*. at 18-19. And the ALJ determined that, after December 17, 2019, Plaintiff had the residual functional capacity to perform

sedentary work as described above but would have the additional limitation of needing continuous oxygen supplementation requiring five hours of rest per eight-hour workday. *See id*. at 24. Relying on the vocational expert's testimony, the ALJ found that, prior to December 17, 2019, Plaintiff was capable of performing her past relevant work as a user support analyst but, that beginning on December 17, 2019, Plaintiff was not capable of performing her past relevant work. *See id*. at 24-26. Finally, for the period after December 17, 2019, the ALJ found that there were no jobs existing in significant numbers in the national economy that Plaintiff could perform. *See id*. at 26.

Thus, the ALJ concluded that Plaintiff was not disabled prior to December 17, 2019 but became disabled on that date and remains so. *See id*. Based on that finding, the ALJ determined that (1) Plaintiff was ineligible for disabled widow's benefits under Sections 202(e) and 223(d) of the Social Security Act, because her prescribed period ended on May 31, 2018, before her onset of disability, and (2) Plaintiff was disabled under Section 1614(a)(3)(A) beginning on December 17, 2019.

Plaintiff appealed the decision to the Appeals Council, which denied her request for review. *See* Dkt. No. 15-1 at 5.

Plaintiff then filed this action in federal district court, challenging the hearing decision on the grounds that the ALJ's RFC finding for the period prior to December 17, 2019 is not supported by substantial evidence.

**Legal Standard**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or

mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. But the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's sole argument is that the ALJ's RFC for the period of November 1, 2017 through December 17, 2019 is not supported by substantial evidence. Plaintiff specifically asserts that the ALJ erred in considering the medical evidence and, in doing so, failed to properly consider the impact of Plaintiff's non-severe mental impairments on her ability to perform her past relevant work. *See* Dkt. No. 17 at 12-16.

The undersigned cannot agree.

In determining at step two that Plaintiff's anxiety and depression were non-severe, the ALJ "considered the four broad areas of mental functioning," also known as the "paragraph B criteria," to determine whether Bean had "marked" or "extreme" limitations that would indicate a severe mental impairment. Dkt. No. 15-1 at 16-17; *see also* 20 CFR § 404.1520a.

Two state agency psychological consultants evaluated Plaintiff, in February and April of 2019 respectively, but came to somewhat different conclusions regarding her level of mental functioning.

In February 2019, Michele Chappuis, Ph.D., characterized Plaintiff's anxiety and depression as "non-severe" and found no limitations in Plaintiff's ability to understand, remember, or apply information; interact with others; or concentrate, persist, or maintain pace; and only mild limitations in her ability to adapt or manage herself. *See* Dkt. No. 15-1 at 91.

Just two months later, on reconsideration, Susan Posey, PsyD., similarly found Plaintiff's anxiety and depression to be non-severe and reported that Plaintiff had no limitations in her ability to understand, remember, and apply information, but had moderate limitations in her ability to interact with others and concentrate, persist, and maintain pace; and mild limitations in adapting and managing herself. *See id*. at 118. Dr. Posey further noted that she found Plaintiff able to understand, remember, and carry out detailed but not complex instructions. *See id*. at 125.

Paula Kresser, Ph.D., later conducted a quality review of these evaluations to determine why Drs. Chappuis and Posey differed as to their assessments of Plaintiff's mental functioning. *See id.* at 166-73. Dr. Kresser agreed that the determination that Plaintiff's anxiety and depression was non-severe was consistent with the medical evidence and opined that there is no objective evidence to support limitations on unskilled work. *See id.* at 173.

In his decision, the ALJ notes the differences between Dr. Chappuis and Dr. Posey's conclusions but incorrectly states that Dr. Posey found Plaintiff's anxiety and depression severe rather than non-severe. *See id.* at 17. Plaintiff makes much of this misstatement, noting that the ALJ subsequently finds Drs. Chappuis' and Kresser's opinions persuasive, but Dr. Posey's opinions not persuasive, and asserting that the ALJ's evaluation of the persuasiveness of Dr. Posey's opinion is based on a basic mischaracterization of her findings. *See* Dkt. No. 17 at 14.

While Plaintiff does not dispute the ALJ's finding at step two that her anxiety and depression are non-severe impairments, she contends the ALJ's "critical error" in improperly rejecting Dr. Posey's opinion as not persuasive led the ALJ to fail to consider the impact of Plaintiff's non-severe mental impairments on her ability to work when determining her RFC. *See id.* at 14-15. Plaintiff specifically asserts that the ALJ erred in not adopting Dr. Posey's finding that Plaintiff was able to understand, remember, and carry out detailed but not complex instructions. *See id.* at 23-24. Had the ALJ accounted for this limitation, Plaintiff argues, the ALJ would

8

not have found at step four that Plaintiff could perform her past relevant work, which would likely have resulted in a finding that Plaintiff was disabled at step five. *See id.*

But the only questions this Court may consider on review are (1) whether the decision is supported by substantial evidence and (2) whether the ALJ applied the proper legal standard. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). "It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-cv-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and is the only one "entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly," *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)).

Here, the ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary work with no limitations related to mental functioning. *See* Dkt. No 15-1 at 16-18. The ALJ explicitly states that he "considered all of the claimant's medically determinable impairments, including those that are non-severe, when assessing the claimant's residual functional capacity." Dkt. No. 15-1 at 16. In doing so, he evaluated and explained the persuasiveness of each medical opinion, stating that he was focused particularly on the "supportability and consistency with other evidence." *See* 20 C.F.R. § 416.920c(b); Dkt. No. 15-1 at 23. While the ALJ misstates

9

that Dr. Posey found Plaintiff's anxiety and depression severe, even assuming he misapprehended this fact as opposed to committing a typographical error, his explanation makes clear that neither his conclusion as to the persuasiveness of the opinions nor his RFC determination relied on a misconception that Dr. Posey found Plaintiff's mental conditions severe. The ALJ states he "f[ou]nd the opinions of the State agency medical experts at the initial and quality review level persuasive" because "these opinions are generally consistent with and supported by the longitudinal evidence." Dkt. No. 15-1 at 24.

And, contrary to Plaintiff's assertion that the ALJ mischaracterized or ignored Dr. Posey's view that Plaintiff could handle detailed but not complex tasks and instructions, the ALJ acknowledges Dr. Posey's opinion but states that, after reviewing all the medical evidence, he "concur[ed] with Dr. Kresser's conclusion that the evidence simply does not support the earlier finding, made by Dr. Posey, that the claimant was limited to simple tasks. A finding that the claimant is limited to simple tasks and instructions is, rather, inconsistent with the evidence." Dkt. No. 15-1 at 23. Specifically, the ALJ noted that Plaintiff "has not received any consistent psychological treatment, including counseling and inpatient psychiatric hospitalizations" and that in no consultive examination, even when she presented with low level anxiety or depression, did Plaintiff "demonstrate deficits in attention, concentration, or memory that might warrant a reduction to simple tasks or instructions." Dkt. No. 15-1 at 18. The ALJ also noted that, based on Plaintiff's own testimony, there was no indication that, prior to leaving her job for reasons unrelated

10

to her health, she had been unable to maintain the mental demands of her past relevant work. *See* Dkt. No 15-1 at 25.

Plaintiff argues that other evidence in the record, such as instances where doctors prescribed her medications consistent with diagnoses of anxiety and depression, her self-reports of her mental health struggles, and treating physician Dr. Williams's March 2020 assessment, demonstrates that she was disabled prior to December 17, 2019. *See* Dkt. No 17 at 16-23. But Plaintiff's "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021). While Plaintiff may be able to point to evidence in the record that is consistent with the conclusion that her non-severe mental impairments affected her ability to handle complex instructions and tasks, this is insufficient to carry her burden to show that there are no credible medical findings that support the ALJ's RFC determination. Plaintiff may, and does, disagree with the ALJ's conclusions, but those conclusions are supported by substantial medical evidence and opinion in the record, and this Court may not resolve conflicts in, nor reweigh, that evidence. The ALJ applied the correct legal standards throughout the five-step analysis, thoroughly reviewed the available medical and non-medical evidence, and adequately articulated the basis for his conclusion that Plaintiff was not, prior to December 17, 2019, limited to simple tasks and instructions, and had the residual functional capacity to perform her relevant past work.

## Recommendation

Because the ALJ applied the correct legal standards and substantial evidence supports the ALJ's decision that Plaintiff was not, prior to December 17, 2019, disabled within the meaning of the Social Security Act, the Court should affirm the hearing decision.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 2, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE